No. 22-2067

No. 22-2169

United States Court of Appeals for the Eighth Circuit

---

Janice Hargrove Warren, Plaintiff – Appellee/Cross-Appellant

v.

Mike Kemp, in his official capacity as a Member of the Board of the Pulaski County Special School District and in his individual capacity, et al., Defendants – Appellants/Cross-Appellees

---

Appeal from the United States District Court
Eastern District of Arkansas

District Court Case Number 4:19-cv-00655-BSM

The Honorable Brian Stacy Miller
United States District Judge

---

The Appellee/Cross-Appellant's Reply Brief

---

Terrence Cain
Ark. Sup. Ct. Reg. No. 99128
Attorney at Law
208 Brown Street
Little Rock, Arkansas 72205-5841
Telephone 501.664.7512
Email terrencecain@windstream.net

# Table of Contents

Table of Authorities ................................................................... ii

Argument ..................................................................................... 1

PCSSD failed to carry its burden of proof on its mitigation of damages defense, consequently, the district court erred when it denied her request for increased back pay, front pay, or first instatement relief .... ................................................................................................ 1

Conclusion .................................................................................. 6

Certificate of Compliance with Type Volume Limitation, Typeface Requirements, and Type Style Requirements ................................... 7

Certificate of Service ..................................................................... 9

# Table of Authorities

## Cases

*Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975) ......................... 2, 6

*Hutchinson v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037 (7th Cir. 1994) . ................................................................................................. 1, 2, 4, 5, 6

*Gaddy v. Abex Corp.*, 884 F.2d 312 (7th Cir. 1989) ................... 2, 4, 5, 6

## Rules

8th Cir. R. 28A(h)(1) ............................................................................... 7

8th Cir. R. 28A(h)(2) ............................................................................... 7

8th Cir. R. 28A(h)(3) ............................................................................... 7

Fed. R. App. P. 25(d)(1)(B) .................................................................... 9

Fed. R. App. P. 25(d)(2) ......................................................................... 9

Fed. R. App. P. 32(a)(5)(A) .................................................................... 7

Fed. R. App. P. 32(a)(6) ......................................................................... 7

Fed. R. App. P. 32(a)(7)(B)(i) ................................................................ 7

Fed. R. App. P. 32(f) .............................................................................. 7

# Argument

**PCSSD failed to carry its burden of proof on its mitigation of damages defense, consequently, the district court erred when it denied her request for increased back pay, front pay, or first instatement relief.**

Dr. Warren filed a motion asking the district court to increase her back pay, award her front pay, or order PCSSD to hire her as its superintendent the next time the job opens, and the court denied her motion, finding that she was not entitled to additional back pay, front pay, or first instatement relief because she did not mitigate her damages by seeking a comparable superintendent's job. (Appellee Cross-Appellant App. 1-36; R. Doc. No. 179; R. Doc. No. 180; R. Doc. No. 180-1; Appellant Cross-Appellee Addendum, 34-40; R. Doc. No. 191, at 1, 3, 5-7). The district court erred when it denied her motion.

A victim of employment discrimination is presumptively entitled to full relief, and once a plaintiff has establishes the amount of damages she claims resulted from her employer's conduct, the burden shifts to the defendant to show that the plaintiff failed to mitigate damages. *Hutchinson v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir.

1

1994) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975); *Gaddy v. Abex Corp.*, 884 F.2d 312, 318 (7th Cir. 1989)).

To establish the affirmative defense of a plaintiff's failure to mitigate damages, the defendant must show that the plaintiff failed to exercise reasonable diligence to mitigate her damages, and there was a reasonable likelihood that she might have found comparable work by exercising reasonable diligence. *Hutchinson v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994) (citing *Gaddy v. Abex Corp.*, 884 F.2d 312, 318 (7th Cir. 1989)). In this case, PCSSD did not establish the defense because it did not introduce any proof that Dr. Warren failed to exercise reasonable diligence to mitigate her damages, or that there was a reasonable likelihood that the she might have found comparable work by exercising reasonable diligence.

The district court made a finding that "…the trial record contains limited evidence on the issue of mitigation of damages…" (Appellee Cross-Appellant App 37; R. Doc. No. 207). The entirety of the mitigation of damages "evidence" in this case consists of brief colloquy between PCSSD and Dr. Warren that began with PCSSD asking Dr. Warren, "…since [Charles] McNulty was hired at the

2

Appellate Case: 22-2067     Page: 5     Date Filed: 04/17/2023 Entry ID: 5266071

conclusion of the search process, you haven't attempted to mitigate your damages by applying for other superintendent positions, have you?" (Trial Tr., vol. 5, at 1109). Dr. Warren replied, "I have not applied for any of the superintendent's positions." (Trial Tr., vol. 5, at 1109).

PCSSD then asked, "And you understand you have a legal obligation to mitigate your damage, correct?" (Trial Tr., vol. 5, at 1109). Dr. Warren replied that she made a commitment to PCSSD to stay with the district until it reached unitary status, that Ray & Associates contacted her about superintendent jobs in Wisconsin and Florida, but she did not pursue them because she moved to Little Rock to be near her grandchildren and had no plans to relocate from the area. (Trial Tr., vol. 5, at 1109).

PCSSD then asked was she aware that in 2021, the Conway School District had an opening for superintendent, and she responded that she was aware, but that she did not seek that job because of her commitment to PCSSD. (Trial Tr., vol. 5, at 1110). She said she had no idea what the compensation package was for the superintendent of the Conway School District, and this concluded the mitigation of damages evidence. (Trial Tr., vol. 5, at 1109-1110).

3

PCSSD did not put any evidence in the record to establish that there was an actual opening for superintendent in the Conway School District, what the job of superintendent of the Conway School District paid, or that the job of superintendent of the Conway School District was comparable to the job of superintendent of the PCSSD. (Trial Tr., vol. 5, at 1109-1110). PCSSD, not Dr. Warren, bore the burden of introducing actual evidence that she failed to exercise reasonable diligence to mitigate her damages and there was a reasonable likelihood that she might have found comparable work by exercising reasonable diligence. *Hutchinson v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994) (citing *Gaddy v. Abex Corp.*, 884 F.2d 312, 318 (7th Cir. 1989)). The sum total of PCSSD's "evidence" was colloquy that occupied two pages of trial transcript. (Trial Tr., vol. 5, at 1109-1110).

PCSSD did not introduce any documentary evidence or any testimony that there actually was an opening for the job of superintendent of the Conway School District, what the compensation package was for that job, or that the job was comparable in all material respects to the job of superintendent of the PCSSD. (Trial Tr., vol. 5, at 1109-1110).

4

PCSSD also failed to introduce any evidence that Dr. Warren acted unreasonably when she declined to leave her family and the only state where she has ever lived and worked to move to the states of Wisconsin or Florida, and it failed to introduce any evidence that any job in either or both of those states was comparable to the job of superintendent of PCSSD. Because PCSSD failed to carry its burden of proof on its mitigation of damages defense, the district court committed reversible error when it denied her request for increased back pay, front pay, or first instatement relief. *Hutchinson v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975)).

## Conclusion

Because PCSSD failed to carry its burden of proof on its mitigation of damages defense, the district court committed reversible error when it denied her request for increased back pay, front pay, or first instatement relief, therefore, this Court should grant Dr. Warren the relief the district court failed to grant her. *Hutchinson v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975)).

Respectfully submitted,

/s/Terrence Cain
Terrence Cain

**Certificate of Compliance with Type Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 1,112 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft® Word 2019 MSO (16.0.10397.20021) 64-bit. The font size is 14. The font name is Equity A.

3. This brief complies with 8th Cir. R. 28A(h)(1) because it is a single document file. It complies with 8th Cir. R. 28A(h)(2) because it has been scanned for viruses, and it is virus free. It complies with 8th Cir. R. 28A(h)(3) because it is in Portable Document Format (also known as PDF or Acrobat Format) and was generated by printing to PDF from the original word processing file so that the text of the electronic version may be searched and copied.

/s/Terrence Cain
Terrence Cain

Attorney for the Appellee Cross-Appellant, Janice Hargrove Warren

Dated: April 17, 2023

## Certificate of Service[*]

I hereby certify that on April 17, 2023, I electronically filed this APPELLEE CROSS-APPELLANT'S REPLY BRIEF with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

/s/Terrence Cain
Terrence Cain

---

[*] Once the Clerk of the Court notifies me that this brief has been approved, I will update this certificate to comply with Fed. R. App. P. 25(d)(1)(B) and Fed. R. App. P. 25(d)(2).

9

Appellate Case: 22-2067     Page: 12     Date Filed: 04/17/2023 Entry ID: 5266071