No. 22-2067
No. 22-2169
IN THE UNITED STATES COURT OF APPEALS
For the Eighth Circuit

---

Janice Hargrove Warren

Petitioner, Plaintiff-Appellee/Cross-Appellant

v.

Mike Kemp, in his official capacity as a Member of the Board of the
Pulaski County Special School District and in his individual capacity, *et al*.,
Respondent, Defendants – Appellants/Cross-Appellees

---

Appeal from the United States District Court
for the Eastern District of Arkansas
The Honorable Brian S. Miller, District Judge
4:19-cv-0655 BSM

---

**Petition for Rehearing En Banc**

---

SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, AR 72223
Phone: (501) 406-0905
Email:  sarah@shjenkinslaw.com
Email:  terrencecain@windstream.net

By:  /s/Sarah Howard Jenkins
   Sarah Howard Jenkins, Ark. Bar #97046
   Terrence Cain, Ark. Bar #99128
Attorneys for Petitioner-Appellee/Cross-Appellant

1

A.                    **FED. R. APP. P. 35 (b) STATEMENT**

On August 22, 2023, a panel of this Court decided *Warren v. Kemp*, No. 22-2067, slip op. (8th Cir. August 22, 2023), a Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3, and 42 Sections 1981, 1983 case. The panel majority ruled contrary to prevailing Eighth Circuit law and U.S. Supreme Court authority on significant substantive issues in employment discrimination and retaliation cases and failed to follow the longstanding standard for appellate review. Therefore, consideration by the full Court is necessary to secure and maintain uniformity of the Court's decisions.

Specifically, the panel majority ruled contrary to *Wedow v. City of Kansas City*, 442 F.3d 661 (8th Cir. 2006), on an employer's obligation to provide equal and comparable work facilities without regard to race; it held contrary to *Sisco v. J. S. Alberici Const. Co.*, 655 F.2d 146, 150 (8th Cir. 1981), that required an objective standard for determining an employee's reasonable belief that she was opposing an unlawful employment practice. The panel majority insisted on a subjective declaration of the employee's belief. *See Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414-2415, 165 L.Ed.2d 345, 548 U.S. 53, 68-69 (2006) (Title VII's retaliation provision requires an objective standard for judging harm and other Title VII requirements).

Most importantly, the panel majority disregarded the applicable standard for appellate review *de novo* that judgment as a matter of law is proper "'[o]nly when there is a complete absence of probative facts to support the conclusion reached' so that no reasonable juror could have found for the nonmoving party." *Hathaway v. Runyon*, 132 F.3d 1214, 1220 (8th Cir. 1997). The panel majority did not identify a single issue submitted to the jury that was unsupported by sufficient evidence, and the panel majority did not draw any reasonable inferences from the objective evidence admitted to the jury. The panel majority substituted conflicting rules and made its own factual findings. Consideration by the full Court is necessary to secure and maintain uniformity of the Court's decisions.

**B.    The panel's rulings are contrary to laws of the Circuit.**

In this Court, a panel majority must apply the first-in-time interpretation of an applicable provision of law. *Mader v. U.S.*, 654 F.3d 794, 800 (8th Cir. 2011) (*en banc*). "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." *Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002). Unless a prior panel decision is cast into doubt by a U.S. Supreme Court opinion, a panel majority cannot overrule a prior panel decision. *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832 (8th Cir. 1997). None of the applicable Eighth Circuit panel interpretations have been adversely impacted by U.S. Supreme Court

3

opinions. The panel majority in *Warren v. Kemp*, violated the applicable principles of appellate review.

        1.     Providing unequal and incomparable work facilities or workplaces is an unlawful employment practice.

The panel majority held that Janice Warren ("Warren"), as Interim Superintendent, did not engage in a "protected activity" because Pulaski County Special School District ("PCSSD"), her employer, did not engage in an unlawful employment practice when it provided unequal and incomparable working facilities for school administrators, teachers, and staff at Mills High School ("Mills"), who were predominately black. "[T]he disparity in the facilities had nothing to do with 'compensation, terms, conditions, conditions [sic], or privileges of employment.'" *Warren v. Kemp*, p. 9.

*Wedow v. City of Kansas City*, 442 F.3d 661 (8th Cir. 2006), was the first case in this Circuit to address an employer's obligation to provide equal and comparable work facilities pursuant to Title VII, 42 U.S.C. § 2000e-2000e-17. *Wedow* is the law of the Circuit. In *Wedow*, two female firemen sued the City of Kansas ("City") alleging ongoing sex discrimination through the City's failure to provide them with adequately fitting protective clothing or adequate facilities such as private bathrooms, shower facilities, or changing areas. *Id*., at 667. The improper fitting uniforms made the women's job more difficult and hazardous than

necessary. *Id*. The *Wedow*-panel held the *terms and conditions* of a female firefighter's employment are affected by a lack of adequate protective clothing and private, sanitary shower and restroom facilities. These conditions jeopardize her ability to perform the core functions of her job in a safe and efficient manner. *Id*., at 671-672.

Likewise, here, the record demonstrated that the discriminatorily constructed facilities affected the terms, conditions, privileges, and benefits for black administrators, teachers, and staff at Mills under Title VII. These terms, conditions, privileges, and benefits were also employee contract rights and PCSSD's performance obligations under §1981.[1]

The jury viewed a video-comparison of Mills High and Robinson Middle, graphically displaying the unequal and incomparable workplaces and establishing that the construction adversely impacted the performance of the core responsibilities of teaching and training students. The jury saw the theater styled, raked monogrammed leather seats, a large wall-mounted flat screen TV with internet access in Robinson's team room versus the flat concrete floor without chairs, a desk top TV, and an old wooden desk in Mills' team room that was one-

---

[1] 42 U.S.C. Sec. 1981, Equal rights under the law "(b) 'Make and enforce contracts' defined: For purposes of this section, the term 'make and enforce contracts' includes the making, *performance*, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." (emphasis added).

5

Appellate Case: 22-2067     Page: 5     Date Filed: 09/13/2023 Entry ID: 5316110

third the size of Robinson's. (Plaintiff's Trial exh. 1 & exh. 35, p. 4) Here, coaches would preview plays and opponents as part of the training program.

Teachers at Mills share smaller classrooms without proper storage, thereby hindering their creation and management of a proper teaching and learning environment. Unlike a work assignment in predominately white communities with lavished conditions and stable workplaces, five teachers at Mills rotate in and out of small classrooms (Plaintiff's Trial Exh. 3, *Little Rock School District v. PCSSD*, 4:82-cv-0066-DPM (E.D. Ark. 2021), pp. 29-30), moving their materials, enduring stress of not having a classroom, and increasing the demands on their time. Mill's indoor practice facility was a metal, tin, building unlike the masonry brick walls of Robinson's indoor facility. Robinson's staff would be safer during storms. (Trial Tr., vol. 3, pp. 529-530, 535, 560-563) Mills' coaches and students walked a quarter of a mile, through overgrown brush and rough terrain from the gym to the practice field. While at Robinson, the coaches simply raised, remotely, three huge doors to exit the gym to the field house. (Plaintiff's Trial exh. 35, pp. 3-4)

During construction, Mills' administrators were denied the opportunity to provide input on the construction, a benefit and a privilege enjoyed by their white counterparts at Robinson (Plaintiff's Trial Exh. 35, pp. 3-5). Mills' black Athletic Director, unlike his Robinson counterpart, was denied access to the building plans, denied the privilege of providing input when he asked, and did not have an office

Appellate Case: 22-2067    Page: 6    Date Filed: 09/13/2023 Entry ID: 5316110

in the newly constructed Mills facility. *Id.* Robinson's Athletic Director was invited, at least twice, to provide input on what he felt was important in the design and specific attributes of the facility. Robinson's Athletic Director had an office with a private restroom. *Id.* Mills was constructed with gypsum or sheetrock rather than masonry walls like Robinson and made Mills unsafe during severe Arkansas weather; at Mills, hallways were reduced and ceilings lowered two feet. (Trial Tr., vol. 3, pp. 535, 556-570) The disparity in the facilities impaired the terms, conditions, and privileges of black administrators, teachers, and staff, employees, at Mills.

      a. Other Circuits agree that unequal and incomparable facilities are unlawful under Title VII.

Whether addressing workplace conditions or the privileges and benefits of employment, those circuits addressing the question agree that providing unequal and incomparable facilities is an unlawful employment practice. *Equal Empl. Opportunity Commn. v. R.G. &. G.R. Harris Funeral Homes, Inc*., 884 F.3d 560 (6th Cir. 2018), *aff'd sub nom. Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020) (employer provided work attire for male but not its female sales personnel); *Robinson v. City of Fairfield*, 750 F.2d 1507, 1509 (11th Cir. 1985) (maintaining segregated dressing and lounge facilities for black and white employees that differed drastically in the quality of amenities held a discriminatory employment practice); *Harrington v. Vandalia-Butler Bd. of Educ*., 585 F.2d 192,

7

193 n.3 (6th Cir. 1978) (school board discriminated against female physical education teacher in the conditions of her employment; facilities she shared with students were neither equal nor comparable to the private and exclusive toilet, lockers, and shower facilities provided to male physical education teachers); EEOC Compliance Manual, ¶2, § 10 (May 12, 2000) ("An employer may not provide segregated or unequal facilities"); *see also Warren v. Kemp*, Judge Kelly dissenting, slip op. at 11-13. Whether the provision of unequal, incomparable work facilities or workplaces is an unlawful employment practice must be clarified. The panel majority, here, did not follow *Wedow* or assess the facts pursuant to *Wedow*.

    2.    An employee opposing discrimination as a term of her employment engages in a protected activity in the Eighth Circuit.

Dr. Jerry Guess ("Guess"), PCSSD's Superintendent from March 2011 through July 18, 2017, was the final authority and policy maker on all desegregation matters until January 2017. (Trial Tr., vol. 1, pp. 75-76) Guess knowingly constructed racially discriminatory facilities at Mills. Guess' decision and conduct established a policy of discriminating against black administrators, teachers, staff, and female and black students. Guess and, therefore, PCSSD engaged in racially discriminatory conduct. *St. Louis v. Praprotnik*, 485 US 112, 108 S.Ct. 915 (1988) (only one with policy-making authority causes the particular constitutional violation).

Testimony from disinterested witnesses established the substantial and extensive inequity of the physical facilities as a workplace for educators and the shocking treatment of female athletes. High school girls were required to share a portable toilet with boys on the practice field -- two units for girls and two for boys. The girls did not have a separate locker room in the athletic facility. There weren't any restrooms inside the locker rooms. (Trial Tr., vol. 2, 218-219, 222-233; Plaintiff's Trial exh. 35, pp. 3-5) Boys and girls at Robinson had separate constructed restrooms on the practice field. (Plaintiff's Trial exh. 35, pp. 3-5)

When Warren reported the discriminatory construction, she expressed opposition to and refused to engage in the unlawful employment practice of discriminating against black administrators, teachers, staff, and female and black students. Permitting or continuing the discriminatory construction would support Guess' discriminatory policy and discriminate against black employees and female and black students as a condition of Warren's employment. Requiring an employee to discriminate is an unlawful employment practice. *Foster v. Time Warner Entm't. Co.*, 250 F.3d 1189, 1994 (8th Cir. 2001) (employee engaged in protected opposition activity when questioning and refusing to implement a revised sick leave policy on previously granted ADA accommodations for employee she supervised); *Womack v. Munson*, 619 F.2d 1292, 1297 (8th Cir. 1980) (filing a

9

lawsuit alleging a former employer violated Title VII by requiring black employees to abuse black suspects is protected activity).

The Ninth Circuit agrees. *Moyo v. Gomez*, 32 F.3d 1382, 1385 (9th Cir.), *amended*, 40 F.3d 982 (9th Cir. 1994) (a policy requiring the employee to deny showers to black inmates made race discrimination a condition of the employee's employment and was an unlawful employment practice).

      a.    Warren raised "discrimination" as a term of her employment before oral argument.

The panel majority incorrectly asserts that Warren waited until oral argument to contend that "her report was about discrimination against employees too and the affected contractual relationship was her own and others' employment contract." *Warren v. Kemp*, slip op. at 9, n2. Warren raised a meaningful argument on this issue before this Court prior to oral argument; the argument was not waived. *Gelschus v. Hogen*, 47 F.4th 679, 687 (8th Cir. 2022); *United States v. Perdoma*, 621 F.3d 745 (8th Cir. 2010); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004). Warren introduced evidence to the jury, asserted this argument in her response to PCSSD's Motion for JNOV (Appellants' App., pp. 1051-1056, R. Doc. 188), and before this Court in her response (Appellee/Cross-Appellant's Brief at 26-27). Warren provided PCSSD with an adequate opportunity to respond, and the District Court was given a basis for an informed decision. *Perdoma*, *supra*, at 752. Based on the law of the Circuit, Warren engaged in protected activity when

10

she opposed PCSSD's racially discriminatory policy established by Guess. The panel majority *sub judice* simply failed to follow the law of the Circuit.

## C. Proof of opposition requires proof of an employer's violation of Title VII *or* objective evidence of the employee's reasonable belief that the employer's conduct violates the law.

The jury found that Warren reported the disparity between the construction of Mills and Robinson to PCSSD, its lawyer, or the court. (Appellant App., R. Doc. 170, p. 978, Instruction #13 ¶ 1)[2] Disparity in construction based on race is an unlawful employment practice. *Wedow*, *supra*. If not, Warren only needed to demonstrate, with objective evidence, that she held a reasonable belief that PCSSD's conduct was unlawful. *Sisco v. J. S. Alberici Const. Co.*, 655 F.2d 146, 150 (8th Cir. 1981). *Sisco* is the law of this Circuit for determining an employee's reasonable belief that she is opposing an unlawful employment practice. The panel majority must follow *Sisco*; it did not. *Warren v. Kemp*, slip op. at 9-10. Instead, the panel majority required Warren's subjective declaration of her reasonable belief as part of her testimony. This is not the law of the Circuit.

In *Sisco*, the panel rejected the employee's declaration of his belief as a basis for finding his reasonable belief and sought to assess from the circumstances the employee's belief. This Court remanded for a jury determination of the question of

---

[2] The jury instruction conference addressed Instruction #13. (Trial Tr., Jury Inst. Conf., vol. 5, at 1198-1202, 1209-1211).

11

the employee's belief based on the objective evidence. *Sisco.*, at 150. See also, *Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 714 (8th Cir. 2000) (sufficient evidence appears to exist on which a jury could reasonably believe Buettner engaged in protected activity); *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (evidence of a climate of racial hostility and the events preceding and following Helms' discharge were relevant to establish employee's reasonable belief Helms' discharge was racial discrimination); *Evans v. Kansas*, 65 F.3d 98, 101 (8th Cir. 1995) (Evans claimed a belief that he . . . would be required to discriminate, such a belief was unfounded and unreasonable in the light other circumstances).

    Eighth Circuit precedent on the question of reasonable belief relies on an objective assessment of the circumstances to determine the reasonableness of the employee's belief that she was opposing an unlawful employment practice, not the employee's declaration of what she believed. PCSSD agrees. (PCSSD's Reply Brief, Entry ID: 5248946, pp. 4-5) *See*, *generally*, *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414, 165 L.Ed.2d 345, 548 U.S. 53, 74 USLW 4423 (2006) (adopting an objective reasonable employee standard for determining if retaliatory conduct results in a material adversity and recognizing the use of an objective standard for other Title VII tests).

Eight other circuits hold an employee's belief is determined objectively from circumstances. Unless the underlying complaint is sexual or racial harassment or a hostile workplace, these circuits do not require proof of the merits of the underlying discriminatory complaint to establish reasonable belief: *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1211 (5th Cir. 2021); *Reznik v. inContact, Inc*., 18 F.4th 1257 (10th Cir. 2021) (requiring objective evidence of both a subjective good faith and objectively reasonable belief); *Boyer-Liberto v. Fontainebleau Corp*., 786 F.3d 264, 273, 285 (4th Cir. 2015) (for retaliation claims, Liberto made the lesser showing that the harassment was sufficiently severe to render reasonable her belief that a hostile environment was occurring); *Grosdidier v. Governors*, 709 F.3d 19 (D.C. Cir. 2013) (no reasonable employee could believe that the complained conduct amounted to a hostile work environment under Title VII); *Moore v. City of Philadelphia*, 461 F.3d 331 (3rd Cir. 2006); *Fine v. Ryan Intern. Airlines*, 305 F.3d 746, 752 (7th Cir. 2002); *Johnson v. University of Cincinnati*, 215 F.3d 561 (6th Cir. 1999); *Moyo v. Gomez*, 32 F.3d 1382, 1385 (9th Cir.), *amended*, 40 F.3d 982 (9th Cir. 1994), *Trent v. Valley Elec. Ass'n Inc*., 41 F.3d 524 (9th Cir. 1994), *citing Sisco, supra*. The panel majority ruled inconsistent with Eighth Circuit authority, U.S. Supreme Court authority, and the majority of sister circuits.

The applicable standard for determining reasonable belief is an objective one derived from the circumstances surrounding the employer's alleged unlawful

13

misconduct, the employee's actions and statements in context, and the employer's response to the employee's actions and statements. This panel's holding directly conflicts with *Sisco*, *Buettner,* and *Evans*. Therefore, consideration by the full Court is necessary to secure and maintain uniformity of the Court's decisions.

**D.     The panel majority disregarded the establish standard for *de novo* review**

This Court consistently holds judgment as a matter of law is proper "'[o]nly when there is a complete absence of probative facts to support the conclusion reached' so that no reasonable juror could have found for the nonmoving party." *Hathaway v. Runyon*, 132 F.3d 1214, 1220 (8th Cir. 1997). A jury's verdict must be *affirmed*: "[U]nless, viewing the evidence in the light most favorable to the prevailing party, we conclude that a reasonable jury could not have found for that party." *Cross v. Cleaver*, 142 F.3d 1059, 1066 (8th Cir. 1998) (emphasis added). "We review the district court's decision to grant or deny judgment as a matter of law with great deference to the jury's verdict." *Fletcher v. Price Chopper Foods of Trumann, Inc*., 220 F.3d 871, 875 (8th Cir. 2000). The court must draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence. *Reeves v. Sanderson Plumbing Prod., Inc*., 530 U.S. 133, 148, 120 S. Ct. 2097, 2109, 147 L. Ed. 2d 105 (2000).

In its *de novo* review, the panel majority declared these principles of law but disregarded them, failed to adhere or apply them. The majority opinion does not

14

identify any issue addressed by the jury that was supported by insufficient evidence. Inconsistent with precedent, the panel majority required a subjective factual determination of "reasonable belief." Then, the panel majority concluded this inapplicable fact was not supported by sufficient evidence. *Warren v. Kemp*, slip op. at 10. Consequently, the panel majority required the introduction of irrelevant evidence to support an issue not required by prevailing law. To say the least, the panel majority's approach is perplexing, and its holding of insufficient evidence on reasonable belief a total disregard for the *de novo* review processes.

Reasonable inferences were not drawn. There are several reasonable inferences from Judge Miller's omission of a question of fact on "reasonable belief" from Instruction #13. *Warren v. Kemp*, at 9. For example, "The evidence supported a conclusion that no reasonable juror could fail to find Warren had a reasonable belief that she was opposing an unlawful employment practice." Or, "Proof of an unlawful employment practice negated the need to address Warren's reasonable belief." The panel majority did not draw any inferences from the plethora of evidence introduced to the jury.

The Eighth Circuit "places a high standard on overturning a jury verdict because of the danger that the jury's rightful province will be invaded when judgment as a matter of law is misused." *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1029 (8th Cir. 2002). In this case, neither deference nor respect is

15

accorded the jury's verdict. Rather, the panel majority displaced the law of the Circuit with its preferred legal rules, made a factual finding, and replaced the jury's verdict with its own. The verdict of eight Arkansas citizens who invested seven days of their lives diligently fulfilling their civic duty and the judgment of the District Judge, the 9th juror, were disregarded.

The law of the Circuit requires *affirming* the jury's verdict, "[U]nless, viewing the evidence in the light most favorable to the prevailing party, we conclude that a reasonable jury could not have found for that party." *Cross v. Cleaver*, 142 F.3d 1059, 1066 (8th Cir. 1998). The panel majority did not view the evidence in the light most favorable to Warren. Its analysis does not reflect an assessment of the evidence supporting Warren's arguments regarding protected activity. Indeed, other than noting the absence of Warren's testimony about her reasonable belief, the panel declared: "[T]here is no other evidence from which a jury could infer that she had a good-faith [sic] belief that she believed she reported discrimination against employees." *Warren v. Kemp*, at 9-10. The panel was unaware of the testimony of 16 witnesses and the contents of more than 70 exhibits.

Warren is entitled to a *de novo* review consistent with the principles of law that govern in this Circuit. The panel majority failed to adhere to the processes required by Eighth Circuit appellate jurisprudence. An *en banc* review will ensure

16

Appellate Case: 22-2067      Page: 16      Date Filed: 09/13/2023 Entry ID: 5316110

Warren's right to her day in court is honored, the time invested by the thoughtful jury is respected, and the uniformity of this Court's decisions is maintained.

CONCLUSION

For the foregoing reasons, Warren asks this Honorable Court to rehear this matter and affirm the District Court's judgment. Furthermore, Warren asks this Court to resolve the pending matters of her cross-appeal and to dismiss PCSSD's remaining challenges that were not raised in its Motion for JNOV before the District Court. Those allegations were waived. *Mulvenon*, *supra*; *Jenkins*, *supra*; and *Fair*, *supra*. Furthermore, those allegations are an impermissible attempt to relitigate the denial of PCSSD's Motion for Summary Judgment after a trial on the merits. *Lopez v. Tyson Foods, Inc.*, 690 F.3d 869, 875 (8th Cir. 2012) (whether the issue is factual or "purely legal" denial of summary judgment is not appealable after a trial on the merits); *Metro. Life Ins. Co. v. Golden Triangle*, 121 F.3d 351, 354 (8th Cir. 1997).

If, however, this Court rehears and overrules the prevailing law of the Circuit, affirming the panel majority, Warren, pursuant to Fed. R. Civ. Pro. 50(e), requests this Court to order a new trial or remand directing the District Court, given its "first-hand knowledge of witnesses, testimony, and issues," to determine whether a new trial should be granted. *Weisgram v. Marley Co.*, 528 U.S. 440, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000). The panel majority did not find any

insufficiency in the evidence to support the jury's factual determinations. There was legally sufficient evidence to support the jury's verdict. Finally, fairness and the principles of just resolution of disputes require proper notice of the new standards and rules applied by the panel majority. If the laws of the Circuit are overruled, the foregoing reasons necessitate a new trial. *Id*.; *Neely v. Martin K. Eby Construction Co.*, 386 U.S. 317 (1967).

Respectfully Submitted this 13th day of September, 2023,
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, AR 72223
Phone: (501) 406-0905
Email: sarah@shjenkinslaw.com
Email: terrencecain@windstream.net

By: /s/ Sarah Howard Jenkins
Sarah Howard Jenkins, Ark. Bar #97046
Terrence Cain, Ark. Bar #99128
Attorneys for Appellee/Cross-Appellant

## CERTIFICATE OF COMPLIANCE

1. This Petition complies with the type-volume limitation of Fed. R. App. P. 40(b) because it contains 3886 words, excluding those parts of the document exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6)

because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: September 13, 2023            By: <u>/s/ Sarah Howard Jenkins</u>
                                                       Attorney for Appellee/Cross-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                         By: <u>/s/ Sarah Howard Jenkins</u>
                                         Sarah Howard Jenkins
                                         Attorney for Petitioner Appellee/Cross-Appellant